[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11206
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00423-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALICE HENDRICKS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 13, 2011)

Before EDMONDSON, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Alice Hendricks appeals her 60-month sentence imposed for bank fraud, 18

U.S.C. § 1344.* She challenges sentencing enhancements for using sophisticated

means, U.S.S.G. § 2B1.1(b)(9)(C), and for abusing a position of trust, U.S.S.G. §

3B1.3. No reversible error has been shown; we affirm.

We review the district court's fact findings about the imposition of

sentencing enhancements, including that a defendant used sophisticated means, for

clear error. United States v. Clarke, 562 F.3d 1158, 1165 (11th Cir. 2009).

Section 2B1.1(b)(9)(C) of the Sentencing Guidelines provides for a two-level

enhancement if a theft offense involves the use of "sophisticated means," which is

defined as "especially complex or especially intricate offense conduct pertaining

to the execution or concealment of an offense." U.S.S.G. § 2B1.1(b)(9)(C),

comment. (n.8(B)). The kinds of conduct constituting sophisticated means listed

in the guidelines commentary -- including hiding assets or transactions through the

use of fictitious entities, corporate shells, or offshore financial accounts -- is not

exhaustive; and nothing materially distinguishes the concealment of income and

transactions through a third-party account instead of through a fictitious entity or

corporate shell. See Clarke, 562 F.3d at 1165-66 (in the context of the

sophisticated means enhancement for tax offenses).

---

* The district court imposed an upward variance from Hendricks's applicable guidelines range of 41 to 51 months' imprisonment.

Here, Hendricks worked as a business manager and accountant for a non-profit organization called Royce Learning Center that operated a school and an adult community education program. Hendricks had access to and substantial control over Royce's accounting system and bank accounts, including the authority to write checks. As part of her theft from Royce, Hendricks kept open a bank account that she had been instructed to close. Hendricks regularly deposited tuition payments and charitable donations into this account and then stole that money by issuing checks to herself (after forging the executive director's signature). She forged 225 checks totaling over $500,000.

To conceal her theft, Hendricks (1) intercepted the monthly bank statements for the account she was supposed to have closed, (2) credited the tuition and donation payments that she fraudulently deposited and stole into Royce's accounting system, (3) transferred money within the Royce accounts to cover the funds which were not deposited properly; and (4) manipulated the account balances to cover the theft. Hendricks maintained this pattern of theft without detection for eight years.

On appeal, Hendricks maintains that the execution of her theft -- using a single bank account to deposit money and then issuing checks to herself -- was not sophisticated. But Hendricks fails to appreciate that the enhancement applies to

3

both the execution and concealment of the offense. And here, while Hendricks's theft may not have been complex, Hendricks went to great lengths to hide her theft from others. And her complex manipulation of Royce's books allowed her to avoid detection for an extended period. On these facts, we cannot say that the district court erred clearly in applying this enhancement. United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010) (to impose the enhancement, it is sufficient if the totality of the scheme was sophisticated).

We review for clear error a district court's determination that a defendant abused a position of trust; but we review de novo the court's resolution of the legal issue of whether defendant's conduct justified the abuse-of-trust enhancement. United States v. Garrison, 133 F.3d 831, 837 (11th Cir. 1998). Section 3B1.3 of the Guidelines imposes a two-level enhancement if the defendant abused a position of trust "in a manner that significantly facilitated the commission or concealment of the offense." A position of trust is characterized by professional or managerial discretion; and a person occupying a position of trust ordinarily receives less supervision than an employee whose responsibilities are non-discretionary in nature. U.S.S.G. § 3B1.3, comment. (n.1).

As testified to by Royce's executive director, Hendricks was a member of senior management who had two staff members assisting her and who enjoyed

4

broad discretion in managing Royce's accounting and finances.  Although Hendricks lacked authority to sign a check on Royce's behalf, Royce entrusted Hendricks with receiving and depositing tuition payments and donations, managing Royce's accounting system and controls, and transferring money in and out of Royce's bank accounts.

Hendricks asserts on appeal that she was a low-level employee; but these facts indicate otherwise.  Hendricks used her position of trust to manipulate the account balances of Royce's other accounts to conceal her theft.  As such, Hendricks presents the "paradigmatic case" for applying the abuse-of-trust enhancement; and the court committed no error in applying it.  See United States v. Linville, 228 F.3d 1330, 1331 (11th Cir. 2000) ("[a] paradigmatic case is one in which the defendant steals from his employer, using his position in the company to facilitate the offense") (quotation omitted).

AFFIRMED.